UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GOWAN,<br><br>Plaintiff,<br><br>vs.<br><br>MID CENTURY INSURANCE COMPANY,<br>A DIVISION OF FARMERS INSURANCE<br>GROUP;<br><br>Defendant. | 5:14-CV-05025-LLP<br><br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR FINANCIAL AND OTHER<br>SANCTIONS<br><br>DOCKET NO. 54 |

## INTRODUCTION

This diversity matter is pending before the court on plaintiff Stephen M. Gowan's amended complaint alleging defendant Mid Century Insurance Company denied his worker's compensation claim in bad faith.  See Docket No. 49.  Mr. Gowan has filed a motion for sanctions [Docket No. 54], which was referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 59.

## FACTS

### A.   Background Facts

These background facts are drawn from the parties' briefs and Mr. Gowan's amended complaint.  The court's recitation of the facts thus gleaned does not represent any imprimatur of the court as to their veracity.

Stephen Gowan injured his knee at work; his employer had a worker's compensation insurance policy with Mid Century.  Mr. Gowan and Mid Century settled Mr. Gowan's worker's compensation claim under terms that did not impact Mr. Gowan's right to future medical treatment for his injury. Mid Century continued to provide medical treatment for Mr. Gowan until his treating physician recommended he undergo knee replacement surgery.  At this time, Mid Century denied coverage for the surgery as well as for pain control injections to Mr. Gowan's knee that he had previously been receiving.

Mid Century hired Richard Farnham, M.D. to conduct an independent medical exam (IME) on Mr. Gowan.  From 2000 to 2001, Mid Century had hired Dr. Farnham on 11 occasions to provide it with IMEs on claimants. Mr. Gowan alleges that Dr. Farnham is biased in favor of insurance companies and that Mid Century expected Dr. Farnham to render an opinion favorable to Mid Century.

Dr. Farnham issued an opinion that Mr. Gowan did need a total knee replacement and that the surgery was related to Mr. Gowan's 2000 work-related injury.  However, he opined only 25% of the surgery was occasioned by the work injury, while 75% was non-work related.  Accordingly, Mid Century agreed only to pay only 25% of the cost of the anticipated surgery. Mr. Gowan's doctor then refused to perform the surgery.  Mid Century discontinued payments for Mr. Gowan's knee injections, a matter not touched upon by Dr. Farnham.

On February 10, 2009, a file note in Mid Century's file regarding Mr. Gowan states, "FILE STRATEGY** **GOAL** DENY FURTHER."  Discovery in this matter uncovered facts showing that the author of this file note was Janet Estes, the supervisor of Michael Shoback, who was the claims handler assigned to Mr. Gowan's claim.

Mr. Gowan consulted the attorney who originally represented him in his worker's compensation injury, but the attorney declined to represent Mr. Gowan as to his knee surgery.  Mr. Gowan was able to find another attorney to file a petition for a hearing with the South Dakota Department of Labor on the knee surgery issue.  Mid Century answered the petition by denying Mr. Gowan was entitled to surgery or pain injections and asking that Mr. Gowan's petition be dismissed with prejudice.

At some point while the petition was pending, Mid Century reversed course and granted Mr. Gowan's request for payment of the knee replacement surgery.  The surgery was performed in February, 2014.  Mr. Gowan filed the instant lawsuit two months later.

**B.**    **Mr. Gowan's Three Prior Motions to Compel**

Mr. Gowan filed three separate motions to compel discovery.  See Docket Nos. 21, 30 and 43.  Mid Century resisted these motions.  See Docket Nos. 26, 34, and 51.  This court issued a single opinion deciding all three motions in Mr. Gowan's favor.  See Docket No. 53.  Neither party filed objections with the district court regarding this opinion.

3

One of the discovery issues addressed in Mr. Gowan's motions to compel were four personnel files he had requested copies of:  (1) Michael Shoback's file (the employee of defendant who denied Mr. Gowan's claim); (2) Janet Estes' file (Mr. Shoback's supervisor and author of the "File Strategy" note); and (3) and (4) the two supervisors up the chain of command from Ms. Estes.

Mr. Gowan informed Mid Century that social security numbers and medical information in the requested files could be redacted.   In addition, the district court entered a protective order.  See Docket No. 25.  That order allowed a party producing sensitive documents to designate them as "confidential."  The order contemplated personnel files as among those documents the parties may appropriately designate as "confidential."  Id.  Once a document is produced in discovery and is designated as "confidential," several prophylactic measures apply.   "Confidential" documents may only be filed with the court under seal.  Id.  Portions of deposition transcripts may be themselves designated "confidential" if "confidential" documents are discussed therein.  Id.  Third parties to whom "confidential" documents must be disclosed during the course of litigation must be told of the terms of the protective order and they must agree to the terms of the protective order.  Id.  Following the conclusion of this litigation, all originals and copies of "confidential" documents must be destroyed or returned to the party that produced the documents.  Id.

Mid Century provided Mr. Gowan with copies of Shoback's and Estes' performance reviews from 2009 to 2012.  It also produced quality assurance audits of Shoback from 2009 to 2012.  But Mid Century did not produce earlier

documents, or other categories of documents.  Mid Century refused to produce any documents from Estes' supervisors.  Mid Century's refusals were based on objections of general application which purportedly applied to each of Mr. Gowan's discovery requests.  Mid Century also asserted claims of lack of relevance and confidentiality which were specific to this discovery request.

The court dismissed the "objections of general application" entirely, noting that they did not conform to the Federal Rules of Civil Procedure.  The court granted Mr. Gowan's motion to compel the personnel files, noting the information was relevant, personnel files have routinely been held to be discoverable in insurance bad faith actions in this district, and between Mr. Gowan's concessions about material that need not be produced and the provisions of the district court's protective order, there were sufficient measures in place to protect the confidentiality of the requested discovery.  See Docket No. 53.

Mr. Gowan had requested documents referring to goals, targets, or objectives related to claim payments, loss ratios, or combined ratios for Janet Estes' supervisor.  Mid Century initially objected, but then agreed to search for and produce such documents after Mr. Gowan filed his motion to compel.  The court granted Mr. Gowan's motion.

Mr. Gowan requested the address of Janet Estes because she was no longer employed by Mid Century.  Mid Century objected on the basis that it would be unethical for Mr. Gowan's attorney to contact Ms. Estes directly.  The court granted Mr. Gowan's motion to compel, noting that FED. R. CIV. P. 26

5

required Mid Century to disgorge this information voluntarily in its initial disclosures without Mr. Gowan having to serve Mid Century with a discovery request.  See Docket No. 53.  Furthermore, the court noted that Mid Century never asserted Ms. Estes was an officer, director or managing agent, so Mr. Gowan would need Ms. Estes' address in order to serve her with a subpoena.  Id.

Mr. Gowan requested documents relative to any regulatory proceedings brought against Mid Century for failure to pay worker's compensation claims. Mid Century provided documents relative to one such proceeding in the state of South Dakota, but objected to producing any other records on the basis that it would be overly broad and burdensome to do so.  Mid Century did not elaborate on why the discovery request was allegedly burdensome, either in its response to Mr. Gowan's discovery request or in its brief to this court on Mr. Gowan's motion to compel.  The court granted this motion to compel as well.

Mr. Gowan requested Mid Century to identify which documents or legal opinions it relied upon to justify its denial of Mr. Gowan's claim, both at the time the claim was first denied and now in defending Mr. Gowan's bad faith claim.  Mid Century merely responded that the documents it relied upon were in its claims file.  Mr. Gowan responded that he had a right to require Mid Century to identify which of the documents in the voluminous claims file it was relying upon.  The court granted this motion.

6

Next, Mr. Gowan requested Mid Century to identify its information technology employee who could testify as to what information Mid Century records in its paperless claims database, how the information is stored and organized, and what information is used by Mid Century.  Mid Century objected to this request as irrelevant, costly and unnecessary.  Mid Century did not attempt to make any showing as to how the request would be costly.  The court found the information relevant and granted the motion to compel.

Finally, Mr. Gowan requested Mid Century to provide all 11 of the IME reports Dr. Farnham had written for Mid Century from 2000 to 2012. Mr. Gowan specified that all personal identifiers of the IME subjects (names, dates of birth, social security numbers, and any other data that could identify the subject) could be redacted.  Specifically, Mr. Gowan stated he was looking for boilerplate language in multiple reports, similar rationale in multiple reports, and other indicia that Dr. Farnham was biased in favor of Mid Century.  Mid Century objected on the basis of relevancy, admissibility at trial, and confidentiality.

The court ruled that the information requested was relevant and that admissibility at trial is not a bar to discovery.  Furthermore, Mr. Gowan's concession about redacting personal identifiers and the protective order issued by the district court adequately addressed privacy concerns.  The court granted this motion too.

**C.   Instant Motion**

After the court's granting of his three motions to compel, Mr. Gowan filed a motion for financial and other sanctions against Mid Century for its handling of the discovery matters covered by his three motions.  See Docket No. 54.  As to financial sanctions, Mr. Gowan requests $10,017 in attorney's fees and costs for the time and money expended on bringing the discovery motions.  See Docket No. 55 at p. 6.  This constitutes 31.5 hours of attorney time charged at a rate of $300 per hour plus sales tax.  See Docket No. 55 at p. 5, Docket No. 55-4.

Mr. Gowan also moves for "other sanctions," arguing that financial sanctions alone will not curb Mid Century's discovery abuse tactics in the future.  In this regard, Mr. Gowan filed with the court Mid Century's discovery response filed three weeks after this court issued its decision on the three motions to compel; that response by Mid Century continues to assert the "objections of general application" which the court previously ruled were invalid.  See Docket No. 57-1.  Mr. Gowan alleges Mid Century engaged in the same abusive discovery tactics in another case pending in state court, and then settled that case before a decision on sanctions could be issued. Mr. Gowan suggests that an appropriate sanction would be to require Mid Century's lawyers to prepare a discovery video for training setting forth the correct way to conduct discovery under the Federal Rules.

Defendant's response to Mr. Gowan's request for sanctions is to belie the need for any sanctions of any kind.  See Docket No. 60.  Mid Century does not

8

take issue with the reasonableness of the number of hours or the hourly rate

Mr. Gowan requested in connection with his attorney's fees.  Id.

## DISCUSSION

Under the Federal Rules of Civil Procedure, if a party files a motion to

compel discovery, and the court grants that motion—or if the other party

provides the requested discovery after the filing of the motion—the court

"must" require the party resisting discovery to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees.  See FED. R.

CIV. P. 37(a)(5)(A).  There are three exceptions to this requirement:  (1) if the

movant filed the motion to compel without first attempting to resolve the

matter in good faith with the opposing party, (2) if the position of the opposing

party was substantially justified, or (3) if other circumstances make it unjust to

award expenses.  Id.

The first and third exceptions do not apply or are not urged by Mid

Century, so the court concerns itself only with the second exception.  Here, the

court cannot conclude that Mid Century's position on discovery on any of the

issues was "substantially justified."  The court has already discussed the law

relevant to the discovery requests, see Docket No. 53, and will not belabor this

opinion by regurgitating that discussion here.  Suffice it to say that all of the

issues, with the possible exception of Dr. Farnham's reports in other cases,

were exceedingly clear.  Many of Mid Century's positions in resistance to

discovery were taken in direct contradiction to the Federal Rules of Civil

Procedure.  Furthermore, the court notes that Mid Century did not appeal this

9

court's ruling to the district court which certainly would be the normal course if a litigant thought it was right.  Accordingly, the court grants Mr. Gowan's request for financial sanctions in the full amount requested.[1]

As to the nonfinancial sanctions, Mr. Gowan relies on <u>Security Nat'l Bank of Sioux City v. Abbott Laboratories</u>, 299 F.R.D. 595 (N.D. IA 2014), to support his request that Mid Century be required to create a discovery video. The <u>Security Nat'l</u> opinion is distinguishable on a number of fronts:  (1) the sanctions were awarded under FED. R. CIV. P. 30, not Rule 37, (2) the court awarded the sanctions *sua sponte* without the opposing party having asked for them, and—most importantly—(3) the Eighth Circuit overruled this district court opinion.  <u>See</u> <u>Security Nat'l Bank v. Jones Day</u>, 800 F.3d 936 (8th Cir. 2015).

The Eighth Circuit held the district court's sanctions were unusual and severe.  <u>Id.</u> at 945.  When imposing such a sanction, especially when the court acts *sua sponte*, the court must give the object of the sanctions advance notice of the reason sanctions are being considered, advance notice of the specific form the sanctions may take, and an opportunity to be heard.  <u>Id.</u>  The court likened the discovery video sanction as a "scarlet letter" that could forever damage a lawyer and his or her law firm's reputation.  <u>Id.</u>  The Eighth Circuit

---

[1] The court limits the award to the amount of attorney's fees associated with preparing the three motions to compel.  Mr. Gowan filed a supplement seeking to add to that award the time spent on preparing his motion for sanctions.  <u>See</u> Docket No. 63.  However, Rule 37(a)(5)(A) merely provides for reimbursement for costs and expenses on the motion to compel, not subsequent motions. Therefore, the court does not award anything for attorney time spent on the motion for sanctions.

reversed the district court because sufficient advance notice of the form of sanctions being considered was not given.  Id.

Here, the court finds the nature of Mid Century's discovery tactics, while unjustified under the Federal Rules, not severe enough to warrant the kind of sanctions imposed in Security Nat'l.  Nevertheless, defense counsel's persistence in asserting the "objections of general application" *after* this court held such objections to be invalid is certainly concerning.

To reiterate, at the beginning of Mid Century's October 5, 2015 response to Mr. Gowan's discovery requests, this prologue occurs:

OBJECTIONS
The "Objections of General Application" apply to each and every one of Plaintiffs' Discovery Demands and will not be repeated separately herein.  The "Specific Objections" raised by reference shall be made by referring to the bold-faced term as defined below.

**Objections of General Application**
A.      Defendant objects to each and every one of Plaintiffs' [sic] Discovery Demands to the extent that the same purport to seek responses from Defendant's counsel of record, who are not parties to this matter; seek attorney-work produce, or seek information which is privileged and therefore not subject to discovery.
B.      Defendant objects to any and all instructions or definitions beyond the requirements imposed by the South Dakota Rules of Civil Procedure [sic].
C.      Defendant objects to each Discovery Demand to the extent it is unreasonably cumulative or duplicative, or the information sought by the interrogatory is obtainable from some other source that is more convenient, less burdensome, or less expensive.
D.      Defendant objects to Plaintiffs' [sic] Discovery Demands to the extent they require Defendant to identify documents or describe information not presently within Defendant's possession, custody, or control.
E.      Defendant does not waive any of the general or particular objections raised by reference in the event documents or

11

> information coming within the scope of any such objections are
> furnished.

See Docket No. 57-1 at pp. 1-2.

Mid Century's general objections are invalid on a number of fronts.

First, this case is pending in federal court, not state court.  The applicable

rules of procedure, then, are the Federal Rules of Civil Procedure, but Mid

Century's lawyers cite to the South Dakota state rules of civil procedure.  Also,

the general objections purport to assert work-product doctrine and attorney-

client privilege, but they do not comply with Fed. R. Civ. P. 26(b)(5), which sets

forth specific requirements for claiming privilege or the work-product doctrine.

Finally, as the court explained to Mid Century and its attorneys on September

11, 2015, the Federal Rules of Civil Procedure require a party objecting to

discovery to show specifically how each discovery request is irrelevant or

otherwise not subject to discovery.  See Docket No. 53 at pp. 15-16 (citing

Kooima v. Zacklift Intern. Inc., 209 F.R.D. 444, 446 (D.S.D. 2002); and Fed. R.

Civ. P. 33(b)(4), 34(b)).  The Federal Rules do not contemplate nor validate

blanket objections such as these.

Despite the fact this court educated defense counsel about the rules of

discovery in federal court, and despite the fact Mid Century did not object to

this court's ruling on Mr. Gowan's three motions to compel, defense counsel

filed discovery responses three weeks after this court's opinion which continue

to perpetuate these bogus objections.  Compare Docket No. 53 with Docket No.

57-1.  The real problem, as pointed out by Mr. Gowan, is that once having

asserted these boilerplate objections, defendant then produced documents

"without waiving" any objections.  Never in Mid Century's discovery response is there a statement under oath by defendant or its counsel averring that no documents have been withheld from discovery pursuant to any objection.  <u>See</u> Docket No. 57-1.  Thus, one is left with the niggling doubt that responsive documents may have been withheld by Mid Century.

The Federal Rules of Civil Procedure require responses to interrogatories to be signed by either the party or its counsel under oath.  <u>See</u> FED. R. CIV. P. 33(b)(3).  However, Rule 34 regarding production of documents contains no similar requirement.  <u>See</u> FED. R. CIV. P. 34.  Nevertheless, a court has discretion to order a party to formally swear under oath that all documents responsive to a Rule 34 request have been provided.  <u>Wagner v. Dryvit Systems, Inc.</u>, 208 F.R.D. 606, 610 (D. Neb. 2001).  Under these circumstances, the court finds this option to be appropriate, along with an admonition to Mid Century and its lawyers to omit the objections of general application from future discovery responses in this court.

## CONCLUSION

Based on the foregoing, Mr. Gowan's motion for sanctions (Docket 54) is granted in part and denied in part as follows:

1.      Mr. Gowan's request for attorney's fees and costs in the amount of $10,017 is granted.  Mid Century shall tender a check to Mr. Gowan's counsel in this amount within 30 days of the date of this order.

2.     Mr. Gowan's request for nonmonetary sanctions in the form of requiring Mid Century's attorneys to provide a training video about proper discovery in federal court is denied.

3.     Mr. Gowan's request for nonmonetary sanctions is granted in the form of requiring Mid Century and its attorneys to:

(a)  re-serve Mr. Gowan with an amended Defendant's Responses to Plaintiff's Sixth Requests for Production. This amended discovery response shall contain an averment under oath by both Mid Century and its attorneys that no documents have been withheld as to Request No. 1.

(b)     This amended discovery response, and all future discovery responses served by Mid Century in federal court, shall omit the objections of general application discussed above.

DATED November 16, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge