UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GOWAN,<br><br>Plaintiff,<br><br>vs.<br><br>MID CENTURY INSURANCE COMPANY, A DIVISION OF FARMERS INSURANCE GROUP;<br><br>Defendant. | 5:14-CV-05025-LLP<br><br>ORDER ON PLAINTIFF'S MOTION TO CHALLENGE CONFIDENTIALITY DESIGNATION<br><br>DOCKET NO. 67 |

**INTRODUCTION**

This diversity matter is pending before the court on plaintiff Stephen M. Gowan's amended complaint alleging defendant Mid Century Insurance Company denied his worker's compensation claim in bad faith. See Docket No. 49. The parties previously requested the district court to enter a protective order, which the district court granted. See Docket Nos. 14, 14-2 & 16 (requests), and Docket No. 25 (order). Pursuant to that protective order, Mid Century produced certain documents and designated those documents as "confidential." Mr. Gowan now files this present motion to challenge that confidential designation. See Docket No. 67. This matter was referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 71.

**FACTS**

A.  **Background Facts**

These background facts are drawn from the parties' briefs and Mr. Gowan's amended complaint. The court's recitation of the facts thus gleaned does not represent any imprimatur of the court as to their veracity.

Stephen Gowan injured his knee at work; his employer had a worker's compensation insurance policy with Mid Century. Mr. Gowan and Mid Century settled Mr. Gowan's worker's compensation claim under terms that did not impact Mr. Gowan's right to future medical treatment for his injury. Mid Century continued to provide medical treatment for Mr. Gowan until his treating physician recommended he undergo knee replacement surgery. At this time, Mid Century denied coverage for the surgery as well as for pain control injections to Mr. Gowan's knee that he had previously been receiving.

Mid Century hired Richard Farnham, M.D. to conduct an independent medical exam (IME) on Mr. Gowan. From 2000 to 2001, Mid Century had hired Dr. Farnham on 11 occasions to provide it with IMEs on claimants. Mr. Gowan alleges that Dr. Farnham is biased in favor of insurance companies and that Mid Century expected Dr. Farnham to render an opinion favorable to Mid Century.

Dr. Farnham issued an opinion that Mr. Gowan did need a total knee replacement and that the surgery was related to Mr. Gowan's 2000 work-related injury. However, he opined only 25% of the surgery was occasioned by the work injury, while 75% was non-work related. Accordingly, Mid Century

agreed only to pay only 25% of the cost of the anticipated surgery. Mr. Gowan's doctor then refused to perform the surgery. Mid Century discontinued payments for Mr. Gowan's knee injections, a matter not touched upon by Dr. Farnham.

After filing a successful motion to compel, Mr. Gowan received from Mid Century 11 prior IME reports authored by Dr. Farnham for Mid Century. Pursuant to this court's order granting the motion to compel, Mid Century redacted all personal identifiers of the patients who were the subjects of Dr. Farnham's IMEs. In addition, Mid Century designated these IME reports "confidential" pursuant to the district court's protective order.

The protective order came into being because *both* parties suggested such an order be entered, although each party suggested an order with differing terms from the other's proposed order. See Docket Nos. 14, 14-2, & 16.

Under the terms of the protective order entered by the district court, a party producing sensitive documents is allowed to designate them as "confidential." See Docket No. 25. The order contemplates "non-public" documents as among those documents the parties may appropriately designate as "confidential." Id. Once a document is produced in discovery and is designated as "confidential," several prophylactic measures apply. "Confidential" documents may only be filed with the court under seal. Id. Portions of deposition transcripts may be themselves designated "confidential" if "confidential" documents are discussed therein. Id. Third parties to whom

3

"confidential" documents must be disclosed during the course of litigation must be told of the terms of the protective order and they must agree to the terms of the protective order.  Id.  Following the conclusion of this litigation, all originals and copies of "confidential" documents must be destroyed or returned to the party that produced the documents.  Id.

Mr. Gowan now seeks to challenge Mid Century's designation of these 11 IME reports from Dr. Farnham as "confidential."  Mr. Gowan asserts that there is a public interest in exposing Dr. Farnham's bias in favor of Mid Century in workers compensation cases.  Mid Century resists Mr. Gowan's motion, arguing that a key rationale relied upon by this court in granting the motion to compel discovery of the IME reports in the first place was the belief that the documents would be protected by the district court's protective order.

## DISCUSSION

Under the Federal Rules of Civil Procedure, protective orders may be granted upon a showing of "good cause" to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense.  See FED. R. CIV. P. 26(c)(1).  A protective order can take many forms, including "specifying terms, including time and place, for the disclosure or discovery."  Id. at R. 26(c)(1)(B).

The "good cause" proffered by both parties in support of their respective requests for a protective order was to facilitate discovery where the discovery sought sensitive or confidential information.  Compare Docket No. 14 with Docket No. 16.  Having, in essence, stipulated to the entry of a protective order

in this case, Mr. Gowan now seeks to circumvent it for the purpose of making Dr. Farnham's 11 IME reports on patients other than himself public. Mr. Gowan is asking the court to modify the protective order entered in this case so that it no longer encompasses the clearly confidential documents at issue.

In considering whether to modify a protective order, a balancing test is usually applied. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994). Under that balancing test, a number of factors are to be weighed by the court: (1) whether a party benefiting from the protective order is a public entity or official, (2) whether the information covered by the protective order would otherwise be available under a freedom of information statute, (3) the reliance by the original parties on the existence of the protective order in providing the discovery, (4) whether the entry of the protective order encouraged settlement, and (5) whether the case involves issues important to the public. Id. at 788-90. Also, the party seeking to modify the protective order must show some reason justifying its modification. Id.

Here, Mr. Gowan argues that the public has an interest in learning of the alleged bias Dr. Farnham has in favor of Mid Century. In addition, he argues that, once personal identifiers of the persons who were the subjects of the IMEs were redacted, there is no longer a privacy interest on the part of those persons in keeping their IMEs confidential.

Applying the Pansy factors, the court notes that neither party in this case nor the persons who were the subject of the IMEs are public entities or public

officials.  That weighs in favor of keeping the documents confidential.  Second, the IMEs are not subject to disclosure under any freedom of information act. Quite the contrary, the confidentiality of such records would typically be protected by laws such as the Health Insurance Portability and Accountability Act.  This also weighs in favor of maintaining the confidentiality of the documents.

Mid Century clearly relied upon the entry of the protective order in providing the discovery, as did this court.  The protective order, separate and apart from the redaction of personal identifiers, was and is a second layer of confidentiality serving to protect these medical records.  Furthermore, many of the reports contain sufficient additional detail to enable persons to identify the patients who were subject to IMEs by Dr. Farnham, even with the personal identifiers redacted.  This is the most serious and weighty issue to the court. For example, in one report, the subject of the IME is an employee of a very small employer in a very small town.  The name of the town and employer, as well as the date and nature of the work injury, are recounted in the IME.  In addition, the gender of the patient is revealed through the use of pronouns.  It would take very little sleuthing to figure out the identity of this patient were the redacted IME stripped of its confidentiality.

The entry of the protective order did not necessarily encourage settlement, although full disclosure of facts always helps, rather than hinders, settlement.  But the order certainly streamlined discovery, which otherwise could have been a longer and bumpier road.

Finally, the court considers the public interest in the documents.  This is the issue pressed most by Mr. Gowan.  While the public certainly has an interest in learning that an expert ostensibly holding himself out as unbiased is in fact biased, this interest is ameliorated by the availability of other information in the public sphere.  For example, even before Mr. Gowan obtained the IMEs in question, he was able to put together substantial information about the connection between Mid Century and Dr. Farnham strictly from perusing public records.  Mr. Gowan was able to learn that Dr. Farnham had appeared as Mid Century's expert in 11 workers compensation cases.  He was able to find that Dr. Farnham's credentials as an expert had been called into question by an adjudicator in a workers compensation proceeding.  Thus, the public interest in knowing the relationship between Mid Century and Dr. Farnham is already met by publicly-available information.  The IMEs themselves lend little additional information.  The IMEs bear some general similarity to each other, but there is not the type of rote language which would suggest Dr. Farnham completely abandoned his role as a doctor in order to serve Mid Century's interests.

Based on a weighing of all the above factors, including and most especially the facts that Mr. Gowan sought the protective order he now seeks to avoid and the identity of the IME subjects is not completely shielded by redaction, the court concludes that Mr. Gowan's motion should be denied.  The IME reports provided by Mid Century to Mr. Gowan should continue to be treated as confidential under the district court's protective order.

## CONCLUSION

Based on the foregoing, Mr. Gowan's motion challenging the confidentiality of the IMEs of Dr. Farnham [Docket No. 67] is denied.

DATED December 31, 2015.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge
