UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GOWAN,<br><br>Plaintiff,<br><br>vs.<br><br>MID CENTURY INSURANCE COMPANY, A DIVISION OF FARMERS INSURANCE GROUP;<br><br>Defendant. | 5:14-CV-05025-LLP<br><br><br>ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>DOCKET NO. 75 |

## INTRODUCTION

This diversity matter is pending before the court on plaintiff Stephen M. Gowan's amended complaint alleging defendant Mid Century Insurance Company, a Division of Farmers Insurance Group ("Mid Century"), denied his worker's compensation claim in bad faith. See Docket No. 49. Mid Century has filed a motion for a protective order [Docket No. 75], which was referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 83.

**FACTS**

**A.    Background Facts of the Claims**

These background facts are drawn from the parties' briefs and
Mr. Gowan's amended complaint and the numerous motions this court has
already decided.  The court's recitation of the facts thus gleaned does not
represent any imprimatur of the court as to their veracity.

Stephen Gowan injured his knee at work; his employer had a worker's
compensation insurance policy with Mid Century.  Mr. Gowan and Mid
Century settled Mr. Gowan's worker's compensation claim under terms that
did not impact Mr. Gowan's right to future medical treatment for his injury.
Mid Century continued to provide medical treatment for Mr. Gowan until his
treating physician recommended he undergo knee replacement surgery.  At this
time, Mid Century denied coverage for the surgery as well as for pain control
injections to Mr. Gowan's knee that he had previously been receiving.

Mid Century hired Richard Farnham, M.D. to conduct an independent
medical exam (IME) on Mr. Gowan.  From 2000 to 2001, Mid Century had
hired Dr. Farnham on 11 occasions to provide it with IMEs on claimants.
Mr. Gowan alleges that Dr. Farnham is biased in favor of insurance companies
and that Mid Century expected Dr. Farnham to render an opinion favorable to
Mid Century.

Dr. Farnham issued an opinion that Mr. Gowan did need a total knee
replacement and that the surgery was related to Mr. Gowan's 2000 work-
related injury.  However, he opined only 25% of the surgery was occasioned by

2

the work injury, while 75% was non-work related.  Accordingly, Mid Century agreed only to pay only 25% of the cost of the anticipated surgery.

Mr. Gowan's doctor then refused to perform the surgery.  Mid Century discontinued payments for Mr. Gowan's knee injections, a matter not touched upon by Dr. Farnham.

On February 10, 2009, a file note in Mid Century's file regarding Mr. Gowan states, "FILE STRATEGY** **GOAL** DENY FURTHER."  Discovery in this matter uncovered facts showing that the author of this file note was Janet Estes, the supervisor of Michael Shoback, who was the claims handler assigned to Mr. Gowan's claim.

Mr. Gowan consulted the attorney who originally represented him in his worker's compensation injury, but the attorney declined to represent Mr. Gowan as to his knee surgery.  Mr. Gowan was able to find another attorney to file a petition for a hearing with the South Dakota Department of Labor on the knee surgery issue.  Mid Century answered the petition by denying Mr. Gowan was entitled to surgery or pain injections and asking that Mr. Gowan's petition be dismissed with prejudice.

At some point while the petition was pending, Mid Century reversed course and granted Mr. Gowan's request for payment of the knee replacement surgery.  The surgery was performed in February, 2014.  Mr. Gowan filed the instant lawsuit two months later.

**B.     Defendant's Motion for Protective Order**

Previously, Mr. Gowan filed three separate motions to compel discovery. See Docket Nos. 21, 30 and 43.  Mid Century resisted these motions.  See Docket Nos. 26, 34, and 51.  This court issued a single opinion deciding all three motions in Mr. Gowan's favor.  See Docket No. 53.  Neither party filed objections with the district court regarding this opinion.

In one of his earlier motions to compel, Mr. Gowan requested copies of four personnel files:  (1) Michael Shoback's file (the employee of defendant who denied Mr. Gowan's claim); (2) Janet Estes' file (Mr. Shoback's supervisor and author of the "File Strategy" note); and (3) and (4) the two supervisors up the chain of command from Ms. Estes.  See Docket No. 21.  This motion was based on requests for documents Mr. Gowan served on Mid Century, and to which Mid Century provided responses on October 20, 2014; the motion to compel was filed December 30, 2014.  See Docket No. 21; Docket No. 23-1 at p. 18. When Mid Century responded to the discovery requests, they objected to producing the personnel files on confidentiality grounds and on time and scope grounds.  See Docket No. 23-1 at p. 4.  Mid Century never represented that it could not find the files in question.

When Mid Century responded to Mr. Gowan's motion to compel production of the personnel files on January 19, 2015, Mid Century resisted the motion on the grounds that the personnel files were confidential and not relevant.  See Docket No. 26 at pp. 3-4.  Mid Century never defended the motion on the grounds that the files could not be located.  The court overruled

Mid Century's objections and ordered the personnel files to be produced in an opinion issued September 11, 2015.  See Docket No. 53 at pp. 13-17.

Thereafter, Mr. Gowan moved for the imposition of sanctions against Mid Century in connection with his successful motions to compel.  See Docket No. 54.  Mid Century resisted that motion in a brief filed October 22, 2015, arguing that its objections to the discovery of personnel files was substantially justified under the law.  See Docket No. 60 at pp. 4-7.  Again, Mid Century did not oppose the imposition of sanctions on the grounds that production of the files was an impossibility because the files could not be found.

After the court ordered the personnel files to be produced, Mid Century served Mr. Gowan with responses to his discovery requests on September 24, 2015, stating that the personnel files could not be located after a diligent search.  See Docket No. 78-3 at p. 4; Docket No. 78-4 at p. 4.  Mr. Gowan then notified Mid Century's attorney on October 6, 2015 that he would seek a deposition of Mid Century pursuant to FED. R. CIV. P. 30(b)(6) seeking to inquire into why the personnel files could not be located.[1]  See Docket No. 78-7 at p. 2.

On October 13, 2015, Mid Century announced it had found the files and would be producing them.  See Docket No. 78-10 at p. 2.

On November 5, 2015, Mr. Gowan served Mid Century with a deposition notice pursuant to FED. R. CIV. P. 30(b)(6), seeking to inquire about three topics

---

[1] Mr. Gowan's counsel's email on this topic is dated September 26, 2015.  See Docket No. 78-7.  However, in an October 8, 2015 email from Mid Century's lawyer, Mid Century represented that they did not receive the information in Mr. Gowan's counsel's email until a fax containing the information was sent on October 6, 2015.  See Docket No. 78-8.  The court gives Mid Century the benefit of the later date.

(among others not at issue here):  (1) why Mid Century could not locate the personnel files at issue for over a year, (2) why were personnel files for Mr. Barkus produced only for 2006, for Ms. Estes for only 2007, and for Mr. Shoback for only 2007-08; and (3) what is the relationship between Mid Century and Farmers Insurance Group, both generally and specifically with respect to Mr. Gowan's case.  See Docket No. 78-1.

Depositions were had by the parties of defense witnesses in Denver and Los Angeles in early December, 2015, pursuant to Mr. Gowan's November 5, 2015 deposition notice.  Mid Century refused to produce witnesses knowledgeable about the three topics listed above.  Mid Century filed the instant motion for a protective order on December 2, 2015, seeking the court's order that it need not comply with Mr. Gowan's deposition notice as to these three topics.

In support of its motion for a protective order, Mid Century filed an affidavit from Tami L. Rupert.  See Docket No. 77.  Ms. Rupert identifies herself as a senior human resources coordinator with "Farmers Group, Inc."  Id. at ¶ 1.  She swore under oath that, beginning in October of 2014 when Mr. Gowan first served Mid Century with a discovery request for personnel files, Ms. Rupert began trying to locate the personnel files requested.  Id. at ¶ 2. She could not locate those files.  Id.  She testified that she renewed her efforts to find the files when this court ordered Mid Century to produce them in September of 2015.  Id. at ¶ 3.  At some unspecified time later, Ms. Rupert finally located the files and turned them over to counsel.  Id. at ¶ 4.

6

Ms. Rupert's affidavit goes on to explain what efforts she made to locate the files, where they were finally located, and why she experienced such difficulty locating them.  Id.

Although Mr. Gowan did not get to pursue the three topics of his Rule 30(b)(6) notice listed above, the depositions set for early December, 2015, took place on December 3 and 8, 2015.  Mr. Gowan deposed six defense witnesses; all six, when asked who they worked for, responded "Farmers."  One of the six defense witnesses testified he worked for "Farmers Insurance Group."  The court notes that Ms. Rupert also identified "Farmers" as her employer.  Id.  The court now turns to Mid Century's motion for protective order.

## DISCUSSION

### A.    Party Depositions Under the Federal Rules of Civil Procedure

Depositions of parties in federal actions are governed by Federal Rule of Civil Procedure 30.  If the person to be deposed is a party to the action, it is sufficient to serve on that party, as well as all other parties in the litigation, a notice in writing of the date, time and location for the deposition pursuant to Rule 30.  Peitzman v. City of Illmo, 141 F.2d 956, 960 (8th Cir. 1944); 8A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 2106 at pp. 504-05 (3d. ed. 2010) (hereinafter "Wright & Miller").

The manner in which a notice of deposition is to be served is controlled by Rule 5.  See 8A Wright & Miller § 2106 at p. 505.  Under Rule 5, if a party is represented by an attorney, service of the deposition notice is accomplished by serving the notice on the party's attorney.  See FED. R. CIV. P. 5(b)(1).  See also

Peitzman, 141 F.2d at 960-61.  Service may be made by handing the notice to the attorney, by leaving it at the attorney's office with a clerk or other person in charge, mailing it to the attorney's last known address, or sending it by electronic means if the attorney consented in writing to receiving electronic service.  See FED. R. CIV. P. 5(b)(2)(A)-(F).  Rule 30 is to be "liberally construed to carry out the purposes of discovery."   8A Wright & Miller § 2101 at p. 434.

If the party to be deposed is a corporation, the party seeking the deposition may choose either to designate a specific individual to be deposed or, alternatively, the party may describe the subject matter of the questions to be asked and allow the corporate party to designate a representative to testify on behalf of the corporation.  See FED. R. CIV. P. 30(a) and (b)(6); Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 627-28 (C.D. Cal. 2005); United States v. Afram Lines Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994); Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 169 (S.D.N.Y. 1985).

If the party seeking discovery chooses to designate the subject matter of the deposition rather than name a particular deponent, then the corporation must designate a specific person to testify as to those matters listed in the Rule 30(b)(6) notice.  See FED. R. CIV. P. 30(b)(6).  The corporation is free to designate whomever it wishes; but the designation imposes on the corporation a duty to prepare that person to testify as to the matters listed in the Rule 30(b)(6) deposition notice.  See 8A Wright & Miller § 2103 at pp. 455-57.  See also Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000); Alliance for Global Justice v. District of Columbia, 437 F. Supp. 2d 32, 37

8

(D.D.C. 2006).  Further, a corporation may not rely on the documents it produced in discovery because "[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent."  Great American Ins. Co. of New York v. Vegas Constr. Co., 251 F.R.D. 534, 541 (D. Nev. 2008).  Refusal or failure by the corporation to prepare its designee to testify to the matters listed in the Rule 30(b)(6) deposition notice invites court-ordered sanctions.  See 8A Wright & Miller § 2103 at pp. 464-66.

As can be seen from the above recitation of facts, Mr. Gowan proceeded properly in drafting and serving his Rule 30(b)(6) deposition notice upon Mid Century.  It was incumbent, at that point, for Mid Century to comply with the notice or promptly seek relief from the court.

**B.     Scope of Discovery and Protection from Discovery Under Rule 26**

Although Mid Century was aware of Mr. Gowan's desire to inquire into the three topics listed in his Rule 30(b)(6) deposition notice as early as October 6, 2015, and although it was actually served with a deposition notice as to those topics on November 5, 2015, Mid Century did not file its motion to compel until December 2, 2015, one day before the depositions of defense witnesses were scheduled to begin on December 3.

The district court's scheduling and case management order in this case directs the parties to "immediately" call to the court's attention any discovery disputes by the making of an appropriate motion.  See Docket No. 13 at p. 2, ¶ 4.  The reason for Mid Century's delay appears strategic:  the Federal Rules

of Civil Procedure were being amended and the amendments took effect

December 1, 2015.  As is obvious from Mid Century's brief in this matter, Mid

Century wanted to seize on some new language in the amendments to argue its

motion.  Citing the amended version of Rule 26(b)(1), Mid Century argues that

depositions on these three topics are too expensive, not relevant, and therefore,

not "proportional to the needs of the case."

Rule 26 was amended (in part) as follows:

| OLD RULE 26(b)(1) | NEW RULE 26(b)(1) |
|---|---|
| **Discovery Scope and Limits.**<br><br>***Scope in General.***  Unless otherwise limited by court order, the scope of discovery regarding any nonprivilged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible eveidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).<br><br>. . .<br><br>(b)(2)(C) *When Required.*  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by | **Discovery Scope and Limits.**<br><br>***Scope in General.***  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery out-weighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable. |

| | |
|---|---|
| local rule if it determines that:<br><br>. . .<br><br>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. | |

Although Mid Century seizes on the "proportional to the needs of the case" language in the amended version of Rule 26(b)(1) as a requirement new to discovery in federal court, as can be seen by comparing the highlighted portions of both rules above, the proportional requirement was already a part of Rule 26, it was just codified previously in subsection (c).  Most of what appeared in subsection (b)(2)(C) of old Rule 26 has been in effect for the last 32 years, since 1983, so it is hardly new.  See FED. R. CIV. P. 26(b) advisory committee's note to 2015 amendment.  Thus, as to this particular change, the only change rendered by the amendment was to move the proportional requirement from subsection (b)(2)(C) up to subsection (b)(1).  The amended rule also specifies one additional factor to be considered in determining proportionality:  the parties' access to relevant information.

Mid Century claims that allowing these depositions will require the parties to fly out to Los Angeles, California, at great time and expense.  It also claims that Mr. Gowan does not need to inquire into these three topics because it has already addressed the topics by written response under oath—as to the

11

first two topics, via Ms. Rupert's affidavit, and as to the third topic, via answers to interrogatories and documents.  Therefore, any additional information to be gleaned is simply not worth the effort and expense according to Mid Century.

Mr. Gowan responds that the parties were just in Los Angeles in early December when the deposition concerning these three topics was to have taken place.  If Mid Century had complied with the Rule 30(b)(6) deposition notice as to these three issues, the additional time would have been negligible and there would have been no added expense.  Furthermore, given the circumstances and chain of events surrounding the "lost" then "found" personnel files, Mr. Gowan reserves the right to question Mid Century, under oath, in a format where there is give-and-take and the ability to ask follow-up questions. Likewise, the fact that Farmers Insurance Group is named in the caption of this case and that all six defense witnesses identified "Farmers" as their employer leads him to want to question Mid Century regarding the relationship between it and Farmers.  The court notes that Ms. Rupert, whose affidavit Mid Century submitted in support of its motion, also identified "Farmers" as her employer.  Mr. Gowan does not want to accept as gospel Mid Century's proffered testimony through its affidavits and sworn answers to interrogatories.

The Federal Rules of Civil Procedure provide a variety of tools to litigants to accomplish discovery:  initial disclosures, subpoenas, interrogatories, requests for the production of documents, and depositions upon written questions, to name a few.  The Rules do not allow an opposing party to dictate by fiat the form discovery will take.  A party may not respond to an

12

interrogatory by saying, "take my deposition if you want to know."  Likewise, a party duly served with a deposition notice cannot refuse to be deposed by saying "send me an interrogatory or deposition by written questions."  The party seeking discovery, subject to control by the court and the Rules themselves, is largely free to choose the topics it wishes to inquire into and the methods it wishes to use to make those inquiries.

Here, the court will allow the discovery and, therefore, refuses Mid Century's invitation to enter a protective order.  First, as to the expense of flying out to California, the court notes that Mid Century's lawyer may attend the deposition via teleconference or telephone, so that expense can be completely avoided by Mid Century.  See FED. R. CIV. P. 30(b)(4).  If Mr. Gowan's lawyer chooses to incur the expense of an airline ticket for depositions he represents to be very brief, that is his business.  The court will not consider the cost of an airline ticket to be an appropriate sanction in this case given the ability to conduct the deposition remotely.  Likewise, the cost of hiring the court reporter will be Mr. Gowan's expense to bear.  The time investment for both parties if the deposition(s) are conducted remotely will be negligible and is not a material factor.

Mid Century's other argument is that the subjects relating to the personnel files are irrelevant to the claim of bad faith or any of Mid Century's defenses.  The court notes that Mr. Gowan has requested punitive damages in his amended complaint.  See Docket No. 49 at p.8, ¶ 47.  Evidence of a party's trickery, deceit, or attempts to hide evidence during the discovery process in

13

litigating a bad faith insurance case are relevant to whether punitive damages should lie and, if so, the amount.  See Torres v. Traveler's Ins. Co., Civ. 01-5056, Docket No. 327, at pp. 30-31, 38 (D.S.D. Sept. 30, 2004).

The court finds it peculiar in the extreme that, as of October 2014, Mid Century's employee now says under oath that she searched diligently for the personnel files in question and could not locate them.  Why, then, did Mid Century's attorneys simply not say so when they served Mr. Gowan with their written responses to his requests for the files?  Likewise, when Mr. Gowan filed a motion to compel the production of the personnel files, why did Mid Century not tell the court that it could not find the files? Finally, when Mr. Gowan sought sanctions against Mid Century for failing to produce the files, why did Mid Century not tell the court it could not produce the files because it could not find them?  This post hoc explanation raises more questions than it answers.  Mr. Gowan deserves the right to explore the subject pursuant to a Rule 30(b)(6) deposition.

The relationship between Mid Century and Farmers is also rife with questions.  If "Farmers" is merely a "service mark" with no legal significance, why did seven of Mid Century's employees identify "Farmers" as their employer?  Mr. Gowan also deserves the right to explore this issue through a Rule 30(b)(6) deposition.

## CONCLUSION

Based on the foregoing law, facts, and analysis, the court denies Mid Century's motion for protective order [Docket No. 75].  The Rule 30(b)(6)

14

deposition of Mid Century on the three disputed topics shall take place within 30 days or such other time as is mutually agreeable to the parties.

DATED January 11, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

15