UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
**FEB 2 5 2016**
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STEPHEN M. GOWAN, | \* | CIV 14-5025 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| FARMERS INSURANCE EXCHANGE and MID CENTURY INSURANCE COMPANY, | \* | AND ORDER ON SANCTIONS |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Mid Century's Objections to the Magistrate Judge's Order that granted Plaintiff Gowan's motion for monetary sanctions. For the following reasons, Mid Century's objections will be denied.

## BACKGROUND

The Court referred this matter to the Magistrate Judge for ruling on Gowan's three separate motions to compel discovery. (Doc. 47.) The Magistrate Judge began by dismissing Mid Century's "objections of general application," explaining that they did not conform to the Federal Rules of Civil Procedure. The Magistrate went on to address each item Gowan sought in the motions to compel and the specific objections made by Mid Century. The information sought included four personnel files, information related to claim payments and loss ratios, the address of a key witness who was no longer employed by Mid Century, documents regarding any proceedings brought against Mid Century for failure to pay worker's compensation claims, identification of documents in the voluminous claims file that Mid Century relied on to deny Gowan's claim, the name of Mid Century's information technology employee who could testify about the Mid Century information that is not on paper, and other reports prepared for Mid Century by the doctor it hired to perform Gowan's independent medical examination. The motions to compel were granted in their entirety.

Neither party filed objections with this Court regarding the Magistrate Judge's rulings on the motions to compel.

Gowan filed a motion for financial and other sanctions against Mid Century for its handling of the discovery disputes. The Magistrate Judge held that Mid Century's positions on discovery were not substantially justified. The Magistrate noted that the Order granting the motions to compel had "educated defense counsel about the rules of discovery in federal court," (doc. 65 at 12), yet just three weeks after that Order Mid Century asserted the same invalid "objections of general application" in response to Gowan's discovery request. Stating that many of Mid Century's positions on discovery were taken in direct contradiction to the Federal Rules of Civil Procedure, the Magistrate granted Gowan's request for $10,017 in attorney's fees and costs for the time and money spent bringing the discovery motions. The Magistrate also ordered Mid Century to omit the objections of general application in all future responses to discovery in federal court, and to re-serve an amended discovery response to Plaintiff's Sixth Requests for Production averring under oath by Mid Century and its attorneys that no documents have been withheld in response. Mid Century objects to the Magistrate's award of monetary sanctions.

## DISCUSSION

If a party files a motion to compel and the motion is granted, the court "must" require the party resisting discovery to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed.RCiv.P. 37(a)(5)(A). One exception to this requirement is if the position of the opposing party was substantially justified. *Id.* The Magistrate ruled that Mid Century's positions in this case were not substantially justified.

This Court's standard of review is limited to deciding whether the Magistrate's Order is clearly erroneous or contrary to law. *See Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) *abrogated on other grounds in Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (district court "shall consider a party's objections to a magistrate judge's [discovery] order and 'shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or

contrary to law'") (*citing* Fed.RCiv.P. 72(a)). In *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, the Second Circuit explained:

> A magistrate, however, may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the "clearly erroneous or contrary to law" standard. § 636(b)(1)(A); Fed.RCiv.P. 72(a).
>
> \*\*\*
>
> Matters concerning discovery generally are considered "nondispositive" of the litigation. 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice ¶ 72.03, at 72–23 (2d ed. 1989); 12 Wright, Miller & Elliot, Federal Practice & Procedure § 3076.5 (Supp.1989). Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the "clearly erroneous or contrary to law" standard. *E.g., Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10 Cir.1988); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–18 (5 Cir.1981); *see also* Moore, Lucas & Sinclair, Jr., supra, ¶ 72.04, at 72–51.

900 F.2d at 525.

In *Anderson v. City of Bessemer City, N.C.*, the Supreme Court described the "clearly erroneous" standard of review:

> Although the meaning of the phrase "clearly erroneous" is not immediately apparent, certain general principles governing the exercise of the appellate court's power to overturn findings of a district court may be derived from our cases. The foremost of these principles ... is that a finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty ... if it undertakes to duplicate the role of the lower court.... If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

470 U.S. 564, 573–74 (1985) (internal quotations, alterations, and citations omitted). Thus, the clearly erroneous standard of review is deferential. *See Dixon v. Crete Medical Clinic, P.C.*, 498 F.3d 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence).

Many of Mid Century's objections to the Magistrate Judge's sanction order appear to be the same arguments regarding discovery previously considered and rejected by the Magistrate Judge in the Order on Gowan's motions to compel. The Court will not revisit the Magistrate Judge's rulings on the motions to compel. The question here is whether the Magistrate Judge clearly erred by concluding that Mid Century's positions regarding discovery were not substantially justified.

The Court finds no basis to conclude that the Magistrate Judge's decision is clearly erroneous or contrary to law. The Magistrate Judge's orders indicate that many of Mid Century's arguments in resistance to discovery directly contradict the Federal Rules of Civil Procedure. Mid Century seems to argue that should not matter because, despite its improper objections, it produced all of the responsive information. Assuming that is true, it is not proof that Mid Century's objections were substantially justified. The Magistrate Judge pointed out how Mid Century's invalid, general objections caused undue difficulties in the discovery process by impeding the ability of Gowan and the court to know if all relevant documents and information were produced by Mid Century. *See* Doc. 65 at 12.

As a final matter, the Court rejects Mid-Century's allegations that it is being punished with sanctions for not appealing the Order on the motions to compel, and that the Magistrate Judge awarded sanctions because Mid Century resisted some discovery and lost the motions to compel. The Court reads no such conclusions into the Magistrate Judge's Order. In the order, the Magistrate explains that Mid Century's failure to appeal the Order on the motions to compel is mentioned in the context of Mid Century's disregard of her ruling that the general objections violate the Federal Rules of Civil Procedure. *See* Doc. 65 at 12. Mid Century demonstrated its disregard of the Magistrate's Order when it made the same general objections in response to discovery three weeks after the Magistrate Judge's ruling. The Magistrate Judge points out that if Mid Century believed its general objections were valid, it should have appealed the Order before making them again. Mid Century does not claim that the general objections are valid under the Federal Rules of Civil Procedure, and no explanation has been given for why it made those same objections again. The Magistrate Judge explains why the stance taken by Mid Century with regard to discovery was not

4

substantially justified, and points out the aggravating factor that the discovery rules were violated again after Mid Century was advised what the rules are.

After considering the Magistrate Judge's Order on sanctions and Mid Century's objections, the Court finds that the Magistrate's decision to grant Gowan's motion for sanctions was neither clearly erroneous nor contrary to law. Accordingly,

IT IS ORDERED that Mid Century's Objections to Order on Plaintiff's Motion for Financial and other Sanctions, doc. 74, are denied. Mid Century must comply with the Magistrate Judge's order by tendering a check to Gowen's counsel in the amount of $10,017 within 30 days of the date of this order.

Dated this 25th day of February, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)      DEPUTY